**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ADVERIO PHARMA GMBH, BAYER AG, MSD PHARMA GMBH, and MERCK SHARP & DOHME LLC, | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. ______________________ |
| TORRENT PHARMACEUTICALS LTD. and TORRENT PHARMA INC., | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs Adverio Pharma GmbH ("Adverio"), Bayer AG ("Bayer"), MSD Pharma GmbH ("MSD Pharma") and Merck Sharp & Dohme LLC ("Merck LLC") (collectively "Plaintiffs"), by their attorneys, for their Complaint, hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the filing by Torrent Pharmaceuticals, Limited and Torrent Pharma Inc. of Abbreviated New Drug Application ("ANDA") No. 220221 with the U.S. Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of 5 mg and 10 mg generic versions of Plaintiffs' VERQUVO® products prior to the expiration of one or more of U.S. Patent Nos. 8,420,656 ("the '656 patent"), 8,921,377 ("the '377 patent"), 9,604,948 ("the '948 patent"), 9,993,476 ("the '476 patent"), 10,736,896 ("the '896 patent"), and 11,439,642 ("the '642 patent") (collectively, the "Asserted Patents").

## THE PARTIES

### Plaintiffs

2. Plaintiff Adverio is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Kaiser-Wilhelm-Allee 1, D-51373 Leverkusen, Germany. Adverio is the assignee of each of the Asserted Patents.

3. Plaintiff Bayer is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Kaiser-Wilhelm-Allee 1, D-51373 Leverkusen.

4. Plaintiff MSD Pharma GmbH is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Levelingstr. 4a 81673, München, Bayern Germany. MSD Pharma is an exclusive licensee under each of the Asserted Patents.

5. Plaintiff Merck LLC is a limited liability company organized and existing under the laws of New Jersey, having its corporate offices and principal place of business at 126 E. Lincoln Avenue, Rahway, NJ 07065. Merck LLC is the holder of New Drug Application ("NDA") No. 214377 for VERQUVO® (vericiguat), which has been approved by the FDA.

### Torrent

6. On information and belief, Defendant Torrent Pharmaceuticals, Limited is a corporation organized and existing under the laws of India, with a place of business at Torrent House, Off Ashram Road, Ahmedabad – 380 009, Gujarat, India.

7. On information and belief, Defendant Torrent Pharma Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 106 Allen Road, Suite 305, Basking Ridge, New Jersey 07920.

8. On information and belief, Defendant Torrent Pharma Inc. is a wholly-owned subsidiary of Torrent Pharmaceuticals, Limited, and is controlled and dominated by Torrent Pharmaceuticals, Limited.

9. On information and belief, Torrent Pharmaceuticals, Limited is in the business of, among other things, manufacturing, marketing, distributing, offering for sale, and selling generic drug products. As a part of this business, on information and belief, Torrent Pharmaceuticals, Limited, acting in concert with Torrent Pharma Inc., files ANDAs with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products that are covered by United States patents. On information and belief, as part of these ANDAs, Torrent Pharmaceuticals, Limited, acting in concert with Torrent Pharma Inc., files Paragraph IV Certifications to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic drug products prior to the expiration of United States patents that cover such products.

10. On information and belief, and consistent with their practice with respect to other generic products, Torrent Pharmaceuticals, Limited and Torrent Pharma Inc. acted in concert to prepare and submit ANDA No. 220221 for Torrent Pharmaceuticals, Limited's 2.5 mg vericiguat tablets ("Torrent's 2.5 mg ANDA Product"), which was done at the direction of, under the control of, and for the direct benefit of Torrent Pharmaceuticals, Limited.

11. On information and belief, Torrent Pharmaceuticals, Limited and Torrent Pharma Inc. acted in concert to prepare and submit ANDA No. 220221 for Torrent Pharmaceuticals, Limited's 5 mg and 10 mg vericiguat tablets ("Torrent's 5 mg and 10 mg ANDA Products"), which was done at the direction of, under the control of, and for the direct benefit of Torrent Pharmaceuticals, Limited.

12. On information and belief, Torrent Pharmaceuticals, Limited and Torrent Pharma Inc. are agents of each other, and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with respect to the development, regulatory approval, marketing, sale, offer for sale, and distribution of generic pharmaceutical products throughout the United States, including into Delaware, and including with respect to the infringing Torrent's 5 mg and 10 mg ANDA Products at issue.

13. On information and belief, following any FDA approval of ANDA No. 220221, Torrent Pharmaceuticals, Limited and Torrent Pharma Inc. will act in concert to market, distribute, offer for sale, and sell Torrent's 5 mg and 10 mg ANDA Products throughout the United States and within Delaware. These two entities are hereafter collectively referred to as "Torrent."

14. On information and belief, following any FDA approval of ANDA No. 220221, Torrent knows and intends that Torrent's 5 mg and 10 mg ANDA Products will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

## **JURISDICTION AND VENUE**

15. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

17. Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over each of the defendants.

18. This Court has personal jurisdiction over Torrent Pharma Inc. because, among other things, Torrent Pharma Inc. is a corporation formed under the laws of the State of Delaware.

19. This Court has personal jurisdiction over Torrent Pharmaceuticals, Limited and Torrent Pharma Inc. because, among other things, on information and belief: (1) Torrent Pharmaceuticals, Limited, acting in concert with Torrent Pharma Inc., has filed an ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Torrent's 5 mg and 10 mg ANDA Products in the United States, including in Delaware; and (2) Torrent Pharmaceuticals, Limited and Torrent Pharma Inc., acting in concert and/or as agents of one another, will market, distribute, offer for sale, and/or sell Torrent's 5 mg and 10 mg ANDA Products in the United States, including in Delaware, upon approval of ANDA No. 220221, and will derive substantial revenue from the use or consumption of Torrent's 5 mg and 10 mg ANDA Products in the State of Delaware. On information and belief, if ANDA No. 220221 is approved, the generic Torrent products charged with infringing the Asserted Patents would, among other things, be marketed, distributed, offered for sale, and/or sold in Delaware, prescribed by physicians practicing in Delaware, and dispensed by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

20. Torrent Pharmaceuticals, Limited and Torrent Pharma Inc. have consented to jurisdiction in Delaware in one or more prior cases arising out of the filing of their ANDAs, and they have filed counterclaims in such cases.

21. Alternatively, if Torrent Pharmaceuticals, Limited's connections with Delaware, including its connections with Torrent Pharma Inc., are found to be insufficient to confer

personal jurisdiction, then, upon information and belief, Torrent Pharmaceuticals, Limited is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Torrent Pharmaceuticals, Limited in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

22. On information and belief, venue is proper in this district as to Torrent Pharma Inc. because, on information and belief, it is incorporated in Delaware, and thus the District of Delaware is the judicial district "where the defendant resides." 28 U.S.C. § 1400(b); see also *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017) ("[a]s applied to domestic corporations, 'reside[nce]' in § 1400(b) refers only to the State of incorporation").

23. On information and belief, venue is proper in this district as to Torrent Pharmaceuticals, Limited under 28 U.S.C. § 1391 because it is an Indian corporation "not resident in the United States" that accordingly "may be sued in any judicial district" for venue purposes. 28 U.S.C. § 1391(c)(3); *see also In re HTC Corp.*, 889 F.3d 1349, 1355-56 (Fed. Cir. 2018) (reaffirming the "long-established rule that suits against aliens are wholly outside the operation of all the federal venue laws, general and special" (quoting *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972))).

## **FACTUAL BACKGROUND**

24. VERQUVO® (active ingredient vericiguat) is a soluble guanylate cyclase (sGC) stimulator, indicated to reduce the risk of cardiovascular death and heart failure (HF) hospitalization following a hospitalization for heart failure or need for outpatient IV diuretics, in adults with symptomatic chronic HF and ejection fraction less than 45%. VERQUVO® is available as tablets in 2.5 mg, 5 mg, and 10 mg dosage strengths.

**The ’656 Patent**

25. The ’656 patent, entitled “Substituted 5-fluoro-1H-pyrazolopyridines and their use,” was duly and legally issued on April 16, 2013. The ’656 patent is attached as Exhibit A.

26. As set forth in greater detail in the ’656 patent, the claims of the ’656 patent, incorporated by reference herein, cover, *inter alia*, vericiguat.

27. Pursuant to 21 U.S.C. § 355, the ’656 patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations (“the Orange Book”) in connection with VERQUVO®.

**The ’377 Patent**

28. The ’377 patent, entitled “Substituted 5-fluoro-1H-pyrazolopyridines and their use,” was duly and legally issued on December 30, 2014. The ’377 patent is attached as Exhibit B.

29. As set forth in greater detail in the ’377 patent, the claims of the ’377 patent, incorporated by reference herein, cover, *inter alia*, methods of treatment of heart failure by administration of an effective amount of vericiguat or a pharmaceutical composition comprising vericiguat.

30. Pursuant to 21 U.S.C. § 355, the ’377 patent is listed in the Orange Book in connection with VERQUVO®.

**The ’948 Patent**

31. The ’948 patent, entitled “Process for preparing substituted 5-fluoro-1H-pyrazolopyridines,” was duly and legally issued on March 28, 2017. The ’948 patent is attached as Exhibit C.

32. As set forth in greater detail in the ’948 patent, the claims of the ’948 patent, incorporated by reference herein, cover, *inter alia*, vericiguat in crystalline form of polymorph I.

33. Pursuant to 21 U.S.C. § 355, the ’948 patent is listed in the Orange Book in connection with VERQUVO®.

**<u>The ’476 Patent</u>**

34. The ’476 patent, entitled “Substituted 5-fluoro-1H-pyrazolopyridines and their use,” was duly and legally issued on June 12, 2018. The ’476 patent is attached as Exhibit D.

35. As set forth in greater detail in the ’476 patent, the claims of the ’476 patent, incorporated by reference herein, cover, *inter alia*, methods of treating or preventing one or more of coronary heart disease, systolic or diastolic heart failure, angina pectoris, ischaemias, peripheral and cardiac vascular disorders, kidney failure, renal insufficiency, and increased microalbuminuria, comprising administering a therapeutically effective amount of vericiguat.

36. Pursuant to 21 U.S.C. § 355, the ’476 patent is listed in the Orange Book in connection with VERQUVO®.

**<u>The ’896 Patent</u>**

37. The ’896 patent, entitled “Substituted 5-fluoro-1H-pyrazolopyridines and their use,” was duly and legally issued on August 11, 2020. The ’896 patent is attached as Exhibit E.

38. As set forth in greater detail in the ’896 patent, the claims of the ’896 patent, incorporated by reference herein, cover, *inter alia*, vericiguat and pharmaceutical formulations of vericiguat.

39. Pursuant to 21 U.S.C. § 355, the ’896 patent is listed in the Orange Book in connection with VERQUVO®.

**The ’642 Patent**

40. The ’642 patent, entitled “Substituted 5-fluoro-1H-pyrazolopyridines and their use,” was duly and legally issued on September 13, 2022. The ’642 patent is attached as Exhibit F.

41. As set forth in greater detail in the ’642 patent, the claims of the ’642 patent, incorporated by reference herein, cover, *inter alia*, methods of treating or preventing one or more of coronary heart disease, systolic or diastolic heart failure, angina pectoris, ischaemias, peripheral and cardiac vascular disorders, kidney failure, renal insufficiency, and increased microalbuminuria by administering a therapeutically effective amount of vericiguat.

42. Pursuant to 21 U.S.C. § 355, the ’642 patent is listed in the Orange Book in connection with VERQUVO®.

**Infringement by Torrent**

43. By letter dated September 25, 2026 (the “Torrent Notice Letter”), Torrent notified Plaintiffs that Torrent had submitted to the FDA ANDA No. 220221, with an amendment, seeking approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Torrent’s 5 mg and 10 mg ANDA Products. These products are generic versions of VERQUVO®.

44. The Torrent Notice Letter was accompanied by an Offer of Confidential Access to “certain information from” Torrent’s ANDA No. 220221. However, the Offer of Confidential Access was subject to unreasonably restrictive confidentiality provisions. In addition, the Torrent Notice Letter did not offer to provide additional information, such as samples of

Torrent's 5 mg and 10 mg ANDA Products, which on information and belief are not accessible to the public.

45. In the Torrent Notice Letter, Torrent stated that Torrent's 5 mg and 10 mg ANDA Products contain vericiguat, which is a compound of the following formula:




46. In the Torrent Notice Letter, Torrent stated that the dosage forms for Torrent's 5 mg and 10 mg ANDA Products are tablets.

47. On information and belief, the proposed labeling for Torrent's 5 mg and 10 mg ANDA Products directs the use of Torrent's 5 mg and 10 mg ANDA Products to reduce the risk of cardiovascular death and heart failure (HF) hospitalization following a hospitalization for heart failure or need for outpatient IV diuretics, in adults with symptomatic chronic HF and ejection fraction less than 45%.

48. On information and belief, the vericiguat in Torrent's 5 mg and 10 mg ANDA Products is in crystalline form of Polymorph I.

49. On information and belief, the manufacture, use (including in accordance with and as directed by Torrent's proposed labeling for Torrent's 5 mg and 10 mg ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Torrent's 5 mg and 10 mg ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 7 of the '656 patent.

50. On information and belief, the manufacture, use (including in accordance with and as directed by Torrent's proposed labeling for Torrent's 5 mg and 10 mg ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Torrent's 5 mg and 10 mg ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 8 of the '377 patent.

51. On information and belief, the manufacture, use (including in accordance with and as directed by Torrent's proposed labeling for Torrent's 5 mg and 10 mg ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Torrent's 5 mg and 10 mg ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '948 patent.

52. On information and belief, the manufacture, use (including in accordance with and as directed by Torrent's proposed labeling for Torrent's 5 mg and 10 mg ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Torrent's 5 mg and 10 mg ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 4 of the '476 patent.

53. On information and belief, the manufacture, use (including in accordance with and as directed by Torrent's proposed labeling for Torrent's 5 mg and 10 mg ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Torrent's 5 mg and 10 mg ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 4 of the '896 patent.

54. On information and belief, the manufacture, use (including in accordance with and as directed by Torrent's proposed labeling for Torrent's 5 mg and 10 mg ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Torrent's 5 mg and

10 mg ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the ’642 patent.

55. In the Torrent Notice Letter, Torrent indicated that, in connection with its ANDA No. 220221, Torrent submitted an amendment that included a Paragraph IV Certification with respect to the Asserted Patents.

56. The purpose of ANDA No. 220221, including Torrent’s amendment to its ANDA to include Torrent’s 5 mg and 10 mg ANDA Products, was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Torrent’s 5 mg and 10 mg ANDA Products with their proposed labeling prior to the expiration of the Asserted Patents.

57. Torrent intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Torrent’s 5 mg and 10 mg ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220221, *i.e.*, prior to the expiration of the Asserted Patents.

58. Torrent has knowledge of the claims of the Asserted Patents. Notwithstanding this knowledge, Torrent has continued to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Torrent’s 5 mg and 10 mg ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220221. On information and belief, by such activities, Torrent specifically intends infringement of the Asserted Patents.

59. On information and belief, Torrent plans and intends to, and will, actively induce infringement of the Asserted Patents when its ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

60. On information and belief, Torrent knows that Torrent’s 5 mg and 10 mg ANDA Products are especially made or adapted for use in infringing the Asserted Patents, and that Torrent’s 5 mg and 10 mg ANDA Products are not suitable for substantial noninfringing use. On information and belief, Torrent plans and intends to, and will, contribute to infringement of the Asserted Patents immediately and imminently upon approval of ANDA No. 220221.

61. The foregoing actions by Torrent constitute and/or will constitute infringement of the Asserted Patents, active inducement of infringement of the Asserted Patents, and/or contribution to the infringement by others of the Asserted Patents.

62. An actual case or controversy exists between Plaintiffs and Torrent with respect to infringement of each of the Asserted Patents.

63. This action is being commenced before the expiration of forty-five days from the date Plaintiffs received the Torrent Notice Letter.

**COUNT 1**

**(Infringement of the ’656 Patent by Torrent Under 35 U.S.C. § 271(e)(2))**

64. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

65. Torrent’s submission of ANDA No. 220221, including the amendment for Torrent’s 5 mg and 10 mg ANDA Products, for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Torrent’s 5 mg and 10 mg ANDA Products was an act of infringement of the ’656 patent under 35 U.S.C. § 271(e)(2).

66. On information and belief, Torrent has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import

Torrent's 5 mg and 10 mg ANDA Products with their proposed labeling prior to the expiration of the '656 patent.

67. Torrent intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Torrent's 5 mg and 10 mg ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220221, *i.e.*, prior to the expiration of the '656 patent.

68. The foregoing actions by Torrent constitute and/or will constitute infringement of the '656 patent, active inducement of infringement of the '656 patent, and/or contribution to the infringement by others of the '656 patent.

69. Unless Torrent is enjoined from infringing the '656 patent, actively inducing infringement of the '656 patent, and contributing to the infringement by others of the '656 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**COUNT 2**

**(Declaration of Infringement of the '656 Patent by Torrent)**

70. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

71. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Torrent on the other regarding Torrent's liability for infringement, active inducement of, and contribution to infringement of the '656 patent.

72. An actual case or controversy exists between Plaintiffs and Torrent with respect to Torrent's liability for infringement of the '656 patent.

73. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Torrent's 5 mg and 10 mg ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '656 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**COUNT 3**

**(Infringement of the '377 Patent by Torrent Under 35 U.S.C. § 271(e)(2))**

74. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

75. Torrent's submission of ANDA No. 220221, including the amendment for Torrent's 5 mg and 10 mg ANDA Products, for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Torrent's 5 mg and 10 mg ANDA Products was an act of infringement of the '377 patent under 35 U.S.C. § 271(e)(2).

76. On information and belief, Torrent has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Torrent's 5 mg and 10 mg ANDA Products with their proposed labeling prior to the expiration of the '377 patent.

77. Torrent intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Torrent's 5 mg and 10 mg ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220221, *i.e.*, prior to the expiration of the '377 patent.

78. The foregoing actions by Torrent constitute and/or will constitute infringement of the '377 patent, active inducement of infringement of the '377 patent, and/or contribution to the infringement by others of the '377 patent.

79. Unless Torrent is enjoined from infringing the ’377 patent, actively inducing infringement of the ’377 patent, and contributing to the infringement by others of the ’377 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**COUNT 4**

**(Declaration of Infringement of the ’377 Patent by Torrent)**

80. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

81. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Torrent on the other regarding Torrent’s liability for infringement, active inducement of, and contribution to infringement of the ’377 patent.

82. An actual case or controversy exists between Plaintiffs and Torrent with respect to Torrent’s liability for infringement of the ’377 patent.

83. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Torrent’s 5 mg and 10 mg ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the ’377 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**COUNT 5**

**(Infringement of the ’948 Patent by Torrent Under 35 U.S.C. § 271(e)(2))**

84. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

85. Torrent’s submission of ANDA No. 220221, including the amendment for Torrent’s 5 mg and 10 mg ANDA Products, for the purpose of obtaining approval to engage in the

commercial manufacture, use, offer for sale, and/or sale of Torrent's 5 mg and 10 mg ANDA Products was an act of infringement of the '948 patent under 35 U.S.C. § 271(e)(2).

86. On information and belief, Torrent has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Torrent's 5 mg and 10 mg ANDA Products with their proposed labeling prior to the expiration of the '948 patent.

87. Torrent intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Torrent's 5 mg and 10 mg ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220221, *i.e.*, prior to the expiration of the '948 patent.

88. On information and belief, the foregoing actions by Torrent constitute and/or will constitute infringement of the '948 patent, active inducement of infringement of the '948 patent, and/or contribution to the infringement by others of the '948 patent.

89. Unless Torrent is enjoined from infringing the '948 patent, actively inducing infringement of the '948 patent, and contributing to the infringement by others of the '948 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**COUNT 6**

**(Declaration of Infringement of the '948 Patent by Torrent)**

90. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

91. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on

the one hand and Torrent on the other regarding Torrent's liability for infringement, active inducement of, and contribution to infringement of the '948 patent.

92. An actual case or controversy exists between Plaintiffs and Torrent with respect to Torrent's liability for infringement of the '948 patent.

93. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Torrent's 5 mg and 10 mg ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '948 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**COUNT 7**

**(Infringement of the '476 Patent by Torrent Under 35 U.S.C. § 271(e)(2))**

94. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

95. Torrent's submission of ANDA No. 220221, including the amendment for Torrent's 5 mg and 10 mg ANDA Products, for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Torrent's 5 mg and 10 mg ANDA Products was an act of infringement of the '476 patent under 35 U.S.C. § 271(e)(2).

96. On information and belief, Torrent has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Torrent's 5 mg and 10 mg ANDA Products with their proposed labeling prior to the expiration of the '476 patent.

97. Torrent intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Torrent's 5 mg and 10 mg ANDA Products with

their proposed labeling immediately and imminently upon approval of ANDA No. 220221, *i.e.*, prior to the expiration of the ’476 patent.

98. The foregoing actions by Torrent constitute and/or will constitute infringement of the ’476 patent, active inducement of infringement of the ’476 patent, and/or contribution to the infringement by others of the ’476 patent.

99. Unless Torrent is enjoined from infringing the ’476 patent, actively inducing infringement of the ’476 patent, and contributing to the infringement by others of the ’476 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**COUNT 8**

**(Declaration of Infringement of the ’476 Patent by Torrent)**

100. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

101. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Torrent on the other regarding Torrent’s liability for infringement, active inducement of, and contribution to infringement of the ’476 patent.

102. An actual case or controversy exists between Plaintiffs and Torrent with respect to Torrent’s liability for infringement of the ’476 patent.

103. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Torrent’s 5 mg and 10 mg ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the ’476 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**COUNT 9**

**(Infringement of the ’896 Patent by Torrent Under 35 U.S.C. § 271(e)(2))**

104. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

105. Torrent’s submission of ANDA No. 220221, including the amendment for Torrent’s 5 mg and 10 mg ANDA Products, for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Torrent’s 5 mg and 10 mg ANDA Products was an act of infringement of the ’896 patent under 35 U.S.C. § 271(e)(2).

106. On information and belief, Torrent has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Torrent’s 5 mg and 10 mg ANDA Products with their proposed labeling prior to the expiration of the ’896 patent.

107. Torrent intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Torrent’s 5 mg and 10 mg ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220221, *i.e.*, prior to the expiration of the ’896 patent.

108. The foregoing actions by Torrent constitute and/or will constitute infringement of the ’896 patent, active inducement of infringement of the ’896 patent, and/or contribution to the infringement by others of the ’896 patent.

109. Unless Torrent is enjoined from infringing the ’896 patent, actively inducing infringement of the ’896 patent, and contributing to the infringement by others of the ’896 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**COUNT 10**

**(Declaration of Infringement of the ’896 Patent by Torrent)**

110. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

111. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Torrent on the other regarding Torrent’s liability for infringement, active inducement of, and contribution to infringement of the ’896 patent.

112. An actual case or controversy exists between Plaintiffs and Torrent with respect to Torrent’s liability for infringement of the ’896 patent.

113. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Torrent’s 5 mg and 10 mg ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the ’896 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**COUNT 11**

**(Infringement of the ’642 Patent by Torrent Under 35 U.S.C. § 271(e)(2))**

114. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

115. Torrent’s submission of ANDA No. 220221, including the amendment for Torrent’s 5 mg and 10 mg ANDA Products, for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Torrent’s 5 mg and 10 mg ANDA Products was an act of infringement of the ’642 patent under 35 U.S.C. § 271(e)(2).

116. On information and belief, Torrent has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Torrent's 5 mg and 10 mg ANDA Products with their proposed labeling prior to the expiration of the '642 patent.

117. Torrent intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Torrent's 5 mg and 10 mg ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220221, *i.e.*, prior to the expiration of the '642 patent.

118. The foregoing actions by Torrent constitute and/or will constitute infringement of the '642 patent, active inducement of infringement of the '642 patent, and/or contribution to the infringement by others of the '642 patent.

119. Unless Torrent is enjoined from infringing the '642 patent, actively inducing infringement of the '642 patent, and contributing to the infringement by others of the '642 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**COUNT 12**

**(Declaration of Infringement of the '642 Patent by Torrent)**

120. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

121. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Torrent on the other regarding Torrent's liability for infringement, active inducement of, and contribution to infringement of the '642 patent.

122. An actual case or controversy exists between Plaintiffs and Torrent with respect to Torrent's liability for infringement of the '642 patent.

123. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Torrent's 5 mg and 10 mg ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '642 patent under 35 U.S.C. § 271(a), (b), and/or (c).

WHEREFORE, Plaintiffs request the following relief:

(a) A judgment that Torrent has infringed the Asserted Patents;

(b) A judgment ordering that the effective date of any FDA approval for Torrent to make, use, offer for sale, sell, market, distribute, or import Torrent's 5 mg and 10 mg ANDA Products, or any product or compound which infringes or the use of which infringes one or more of the Asserted Patents, be no earlier than the latest expiration date of the relevant Asserted Patent(s), inclusive of any extension(s) and additional period(s) of exclusivity;

(c) A preliminary and permanent injunction enjoining Torrent, and all persons acting in concert with Torrent, from making, using, selling, offering for sale, marketing, distributing, or importing Torrent's 5 mg and 10 mg ANDA Products, or any product or compound that infringes or the use of which infringes one or more Asserted Patents, or the inducement of or the contribution to any of the foregoing, prior to the latest expiration date of the relevant Asserted Patent(s), inclusive of any extension(s) and additional period(s) of exclusivity;

(d) A judgment declaring that the commercial manufacture, use, sale, offer for

sale or importation of Torrent's 5 mg and 10 mg ANDA Products prior to the expiration of the Asserted Patents will infringe, induce the infringement of, and/or contribute to the infringement of the Asserted Patents;

(e) A declaration that this is an exceptional case and an award of attorneys' fees for Plaintiffs pursuant to 35 U.S.C. § 285;

(f) An award of Plaintiffs' costs and expenses in this action; and

(g) Such further and other relief as this Court may deem just and proper.

DATED: November 6, 2026

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Dov P. Grossman
Stanley E. Fisher
Kathryn S. Kayali
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW,
Washington, DC 20024
(202) 434-5000
dgrossman@wc.com
sfisher@wc.com
kkayali@wc.com